OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

---

OPINION

of

JOHN K. VAN DE KAMP
Attorney General

CLAYTON P. ROCHE
Deputy Attorney General

:
:
:
:
:
:
:
:
:
:
:
:
:

No. 89-801

NOVEMBER 1, 1989

---

THE HONORABLE M. J. HANNIGAN, COMMISSIONER, CALIFORNIA HIGHWAY PATROL, has requested an opinion on the following question:

What constitutes a summons to render assistance by a person stopped on a freeway because his or her vehicle is disabled authorizing another to stop to render assistance under Vehicle Code section 22520, subdivision (d)?

## CONCLUSION

Any conduct or circumstance which reasonably conveys to the driver of a vehicle on the freeway the message that his or her assistance is wanted by a person stopped on the freeway because his or her vehicle is disabled constitutes a summons for assistance authorizing the former person to stop and render assistance under Vehicle Code section 22520, subdivision (d).

## ANALYSIS

Section 22520 of the Vehicle Code provides in part:

"No person shall stop, park, or leave standing any vehicle upon a freeway which has full control of access and no crossings at grade except:

". . . . . . . . . . . . . . . . . . . . . . . . .

"(d)  Any vehicle which is so disabled that it is impossible to avoid temporarily stopping and <u>any vehicle which has been summoned to render assistance to a vehicle or person</u>, including a vehicle owned by the donor of free emergency assistance, which has been summoned by display upon or within a disabled vehicle of a placard or sign given to the driver of the disabled vehicle by the donor for the specific purpose of summoning assistance, other than towing service, from the donor. . . ." (Emphasis added).

Our opinion is requested as to what constitutes a summons to render assistance by a person stopped on a freeway because his or her vehicle is disabled which will authorize another driver to stop to render assistance under Vehicle Code section 22520, subdivision (d).[1] The request has been precipitated by an increased number of requests made to the California Highway Patrol to permit groups such as service station dealers' groups, auto dealers and auto clubs to provide free emergency roadside service to stranded motorists on freeways. Such groups would have service vehicles patrolling freeways and stranded motorists would flag down such vehicles when disabled or otherwise indicate that they are in distress.

No court has construed this provision of the Vehicle Code. "[W]here the principal problem of construction concerns the meaning of words used in the statute, we must look first to the words themselves . . . and must interpret them 'according to the usual, ordinary import of the language employed in framing them'. . . ." (*People ex rel. Younger* v. *Superior Court* (1976) 16 Cal.3d 30, 43.)

Webster's Third New International Dictionary (1961) page 2290 defines the word "summon" to mean:

". . .4: to bid to come or go: command or <u>request the</u> presence or <u>service of</u>: send for: CALL. . . ." (Emphasis added.)

Accordingly, a motorist whose vehicle is disabled on a freeway or who is otherwise in need of assistance need only "request the . . . service of" another motorist to authorize the latter to stop on the freeway to render assistance.

We next must determine what conduct will satisfy the definition of "summons", that is, the requisite "request for service" from another motorist. In answering this question we take cognizance of the fact that "'it is the duty of the courts within the framework of the statutes passed by the Legislature, to interpret statutes so as to make them workable and reasonable'" (*Regents of University of California* v. *Superior Court* (1970) 3 Cal.3d 529, 536-537) and that "[s]tatutes must be given a reasonable and common sense construction in accordance with the apparent purpose and intention of the lawmakers - one that is practical rather than technical, and that will lead to a wise policy rather than to mischief or absurdity. . . ." (*City of Costa Mesa* v. *McKenzie* (1973) 30 Cal.App.3d 763, 770.)

We note that section 22520, subdivision (d) does not restrict the means by which a motorist whose vehicle is disabled or is otherwise in need of assistance may summon another motorist for assistance. Accordingly, in our view any means which reasonably conveys that message will satisfy the statute. This would include not only affirmative conduct but also other circumstances which reasonably convey the message that help is wanted. Such message could be conveyed by word of mouth, telephone, radio, writing or by other means and could utilize third parties to convey the message.

For example, a motorist whose car is disabled might by affirmative conduct call out to or flag down a passing motorist, and hence summon him or her. Other conduct from which a passing motorist might infer that a disabled motorist is summoning assistance could include a placard or sign in or on a vehicle, a handkerchief or cloth on an antenna or door handle, a hood or truck lid in an open position, or a woman or elderly person standing by a disabled vehicle. Other conduct or circumstances could rebut any implication that a summons or request for service was

---

[1]All section references are to the Vehicle Code.

being made.  For example, a hood or trunk lid could be open, but the motorist could also be working on the engine at the same time with a tool box in plain view.  Accordingly, whether there is a summons for assistance by a disabled motorist is in the final analysis a question of fact to be determined from all the relevant evidence submitted on the issue.

Finally, we note the suggestion that section 22520, subdivision (d) was intended to make a distinction between commercial vehicles on the basis of whether or not they charge for services rendered to disabled motorists on freeways; that a less stringent test as to what constitutes a summons may be applied to vehicles which will render free service.  Such a distinction might be urged on the basis of the final inclusionary proviso in section 22520, subdivision (d) concerning the rendering of free service by commercial vehicles summoned by means of a placard or sign previously supplied to the motorist for such purpose.

We see no such distinction in the main operative provision of subdivision (d).  That provision is that "any vehicle which has been summoned to render assistance to a vehicle or person" (emphasis added) may stop on a freeway and avoid the proscription of section 22520 generally prohibiting such stopping.  "Any vehicle" would include all commercial vehicles whether they were specifically summoned from their place of business or were merely passing by when "summoned", or whether they charged for their services or rendered them free.  The final proviso is section 22520, subdivision (d) with respect to responding to a previously supplied sign or placard to render free service was added in 1968 (Stats. 1968, ch. 1210) in apparent response to a letter opinion of this office (Indexed Letter I.L. 68-81) wherein we concluded that such facts would not meet the requirements of section 22520, subdivision (d) as a summons for assistance.  Insofar as our 1968 opinion suggests that a summons required by section 22520, subdivision (d) cannot be made by a displayed card or sign or that the summons must be specifically directed at or to a particular driver or business, it is disapproved.

In summary, we conclude that any conduct or circumstance which reasonably conveys to the driver of a vehicle on the freeway the message that his or her assistance is wanted by a person stopped on the freeway because his or her vehicle is disabled constitutes a summons for assistance under section 22520, subdivision (d).

* * * *